**Emilio G. VILLARREAL, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 1291.**

United States District Court
S. D. Texas,
Brownsville Division.

Nov. 3, 1959.

Johnson, Hester, Jenkins & Toscano (Myrlin O. Johnson), Harlingen, Tex., for plaintiff.

William B. Butler, U. S. Atty., and Arthur L. Moller, Asst. U. S. Atty., Houston, Tex., for defendant.

INGRAHAM, District Judge.

Plaintiff herein seeks recovery against the United States for damages to real estate caused by flood waters of the Rio Grande during the month of October 1958. The action is brought under the Federal Tort Claims Act, 28 U.S.C.A. Sections 1346(b), 2671 et seq.

Plaintiff in his Original Complaint, as well as in his Amended Complaint, al-

leges in general terms negligence of the International Boundary and Water Commission, an agency of the United States, in the design, construction, operation and maintenance of the Lower Rio Grande Flood Control Project, a part of which is located in Willacy County, Texas, where plaintiff resides. Basically, however, plaintiff's cause of action as alleged is based upon the "flooding" of his farm and home by "flood waters of the Rio Grande" which were diverted from the Rio Grande into the floodway system, and to the vicinity of plaintiff's farm which is situated some 65 miles from the river.

■ Defendant has filed a motion for summary judgment dismissing the complaint, to which is attached the affidavit of the Supervising Hydraulic Engineer of the International Boundary and Water Commission, setting forth in considerable detail the stream data of the Rio Grande and its tributaries for the months of September and October 1958, and the reservoir data of Falcon Reservoir located on the Rio Grande, for those same months. These data show conclusively that at least for the period from October 13 through October 28, 1958, the reservoir was full to overflowing, and that the flood waters flowed uncontrollably over the spillways of Falcon Dam. It was during this period that plaintiff's farm suffered the flood damage complained of. As grounds for the dismissal, defendant invokes the exemption from liability of 33 U.S.C.A. § 702c, which reads:

"No liability of any kind shall attach to or rest upon the United States for any damage from or by floods or flood waters at any place * * *"

This immunity from liability for flood damages was not repealed by the Tort Claims Act, and is still in force. The court in National Manufacturing Company v. United States, 8 Cir., 210 F.2d 263, at page 274, certiorari denied 347 U.S. 967, 74 S.Ct. 778, 98 L.Ed. 1108, stated:

"The (Tort Claims) Act contains a list of the statutes which it de-clares 'are hereby repealed', 60 Stat. 842, 846, 847, and the list so expressly repealed does not include Section 3 of the 1928 Act (now 33 U.S.C.A. Sec. 702c). The contention for appellants is that there was a repeal by implication but when consideration is given to the basic importance of Section 3 to the vast federal flood control appropriations and undertakings, it should not lightly be assumed that the fundamental policy was reversed by mere implication with nothing said about it. * * * A long settled public policy is not to be overridden by the general terms of a statute which does not show with certainty a legislative intent to depart from that policy."

In the National Manufacturing Company case and all the other flood damage cases cited by the parties to the court, the damaged lands were located in close proximity to the river. Indeed, in many instances they were lands which prior to the flood control project were subject to periodic overflow. It is on this basis that plaintiff here tries to distinguish his case. It is his contention that the exemption should not apply here because his lands are located some 65 miles away from the river, and the flood waters flowed to his vicinity through floodways which have been developed as part of the plan to control the floods of the Rio Grande.

■ Certainly it is not reasonable to say that Congress in enacting Sec. 702c of Title 33 intended to exempt the United States from liability when the flood control measure adopted was the building of levees along the banks of rivers in an effort to contain the floods, but not to exempt the United States if some other means of controlling the flood were used. Levees alone were not considered adequate or feasible on the Rio Grande, and it was found necessary to divert part of the waters away from the river through floodways and thence into the Laguna Madre and to the Gulf of Mexico. Congress contemplated such a flood control measure and covered it by the same ex-

emption from liability, in exempting the United States from damage from flood waters "at any place".

The full force of the statutory exemption is applicable here.

Defendant's motion for summary judgment will be granted. The clerk will notify counsel to draft and submit judgment accordingly.